PER CURIAM.
We affirm the trial court’s order in this post-dissolution of marriage proceeding except as follows.
We strike the following portion of the order which relates to an inventory of political memorabilia items to be filed with the court: “Failure of any party to file same, then the Court shall appoint a certified public accountant to conduct said inventory for the Court and said costs will be taxed against the failing party. The Court will then proceed to a judicial sale of said items.” There having been no request by any party for a judicial sale nor opportunity to be heard in that respect, that portion of the order was unwarranted.
We also strike the portion of the order finding the wife in contempt for failure to deliver certain other items of personal property to the husband and providing for thirty days incarceration of the wife if she does not within ten days account to the husband under oath in writing for the loss or disappearance of those items. The apparent recognition in the order that she may be able to account for the whereabouts of the items as being not within her possession or control for delivery to the husband reflects that the contempt finding was unwarranted at that time. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985) (one who does not have the present ability to comply cannot be held in civil contempt). However, that portion of the order directing the wife within ten days to deliver said items or account for their loss or disappearance remains standing. Of course, any failure on the part of the wife to comply therewith could lead to a further contempt hearing.
Finally, we construe that portion of the order referring to the wife’s failure to pay her share of joint debts as requiring another evidentiary hearing before the entry of any judgment thereon.
Affirmed in part and reversed in part.
GRIMES, A.C.J., and LEHAN and HALL, JJ., concur.